IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
OMAHA DIVISION

**TIMOTHY BECKER**                                                                                           **PLAINTIFF**

vs.                                             No. 8:20-cv-132

**FRIENDSHIP PROGRAM, INC.,**                                             **DEFENDANTS**
**and KATHERINE YOUNG**

ORIGINAL COMPLAINT

COMES NOW Plaintiff Timothy Becker ("Plaintiff"), by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Friendship Program, Inc., and Katherine Young (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff overtime wages for all hours that Plaintiff worked over forty per week.

2. The United States District Court for the District of Nebraska has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendants conduct business within the State of Nebraska, operating and managing an adult daycare in Omaha.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Nebraska has personal jurisdiction over Defendants, and Defendants therefore "reside" in Nebraska.

5. Plaintiff was employed by Defendants at its facilities located in the Omaha Division of the District of Nebraska.

6. The acts alleged in this Complaint had their principal effect within the Omaha Division of the District of Nebraska, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

7. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Nebraska.

8. Defendant Friendship Program, Inc. ("Friendship Program"), is a domestic, nonprofit corporation.

9. Friendship Program's registered address for service is Katherine Young at 7315 Maple Street, Omaha, Nebraska 68134.

10. Separate Defendant Katherine Young ("Young") is an individual and resident of Nebraska.

11. Defendants maintain a website at https://www.friendshipprogram.com/.

## III. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Young is an owner, operator, incorporator and/or organizer of Friendship Program.

14. Young manages and controls the day-to-day operation of Friendship Program, and dictates the employment policies of Friendship Program, including but limited to the decision not to pay Plaintiff overtime time wages under the FLSA for all hours worked.

15. Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as medication, medical equipment, and vehicles.

16. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

17. At all relevant times herein, Defendants were "employers" of Plaintiff within the meaning of the FLSA.

18. Defendant operates an adult day care in Omaha.

19. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

20. At all material times, Defendants failed to pay Plaintiff overtime premiums as required by the FLSA, 29 U.S.C. § 206 and 207.

21. Plaintiff was employed by Defendants from around November of 2010 until March of 2020.

22. Plaintiff worked for Defendants as an hourly-paid Program Specialist.

23. At all relevant times herein, Defendants directly hired Plaintiff to work in their day care, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

24. As a Program Specialist, Plaintiff was responsible for taking care of clients, supervising activities, and cleaning the facilities.

25. Plaintiff regularly worked in excess of forty (40) hours per week.

26. Every third week, Defendants required Plaintiff to stay after-hours to wait with clients who were waiting for their ride, and to clean the facilities.

27. Defendants required Plaintiff to request permission to work more than forty hours per week.

28. Defendants generally did not approve Plaintiff's requests to work more than forty hours per week, despite requiring Plaintiff to work over forty hours per week.

29. The hours that Plaintiff spent working after-hours went unrecorded and uncompensated.

30. At all relevant times herein, Defendants have deprived Plaintiff of overtime compensation for all of the hours worked over forty (40) per week.

31. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

### V.   CAUSE OF ACTION—VIOLATION OF THE FLSA

32. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

33. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

34. At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

35. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

36. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

37. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

38. Defendants' failure to pay all overtime wages owed was willful.

39. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Timothy Becker respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. For an order of this Honorable Court entering judgment in their favor against Defendants for Plaintiff's actual economic damages in an amount to be determined at trial;

C. For liquidated damages as provided for under the FLSA;

D. For attorneys' fees, costs, and pre-judgment interest; and

E. For such other relief as this Court deems just and proper.

Respectfully submitted,

**PLAINTIFF TIMOTHY BECKER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com